IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENYA SIMPSON,

    Petitioner,

v.                                              CIVIL ACTION NO. 1:04cv3
                                              CRIMINAL ACTION NO. 1:02cr36
                                              (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION/OPINION

### I. PROCEDURAL HISTORY

On January 12, 2004, the *pro se* petitioner, Kenya Simpson ["Simpson"], an inmate at FCI-Cumberland, Cumberland, Maryland, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody. On October 6, 2004, Simpson filed a Motion to Amend. This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15.

**A. Indictment**

On July 3, 2002, Simpson was indicted by a grand jury for the Northern District of West Virginia on 3 counts: conspiracy to possess with the intent to distribute and to distribute in excess of 50 grams of cocaine base also known as crack and cocaine hydrochloride also known as coke in violation of 21 U.S.C. §§846 and 841(b)(1)(A)(iii) (Count 1); distribution of approximately .42 grams of cocaine base also known as crack in violation of 21 U.S.C. §§841(a) and

841(b)(1)(C)(Count 21); and possession with the intent to distribute in excess of 5 grams of cocaine base also known as crack in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(iii)(Count 22).

**B. Plea**

On September 5, 2002, Simpson signed a plea agreement in which he agreed to plead guilty to distribution of crack cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C)(Count 21). The plea agreement provided that the Government would make a non-binding recommendation for a reduction for acceptance of responsibility if certain requirements were met. In the plea agreement, the parties stipulated that Simpson's total relevant conduct was 288.32 grams of cocaine base and 9 grams of powder cocaine. On September 23, 2002, Simpson appeared in Court and entered his guilty plea. He testified that he understood that no sentence could be calculated under the guidelines until the probation officer prepared a pre-sentence report.

**C. Sentence**

On January 28, 2003, Simpson appeared before the Court for sentencing. During sentencing the Government presented evidence[1] that Simpson was distributing drugs after he was placed on pretrial supervision. The Court found that such distribution violated his bond following his plea hearing. Because Simpson violated the conditions of his bond, the Court found that he was not entitled to a 3 level reduction for acceptance of responsibility. The Court found a total offense level of 34 based on the fact that the stipulated drug amount constituted a marijuana equivalent of 5,758.2 kilograms, a criminal history category of III and that the guidelines provided a sentencing range of 188 to 235 months if imprisonment. The Court sentenced Simpson to 200 months imprisonment.

Simpson did not appeal his conviction and sentence.

---

[1] The Government presented the testimony of Charles Echols and Casey Clegg.

D. **Federal Habeas Corpus**

**Simpson's Contentions**

(1) He was provided ineffective assistance of counsel at sentencing because his counsel allowed the Government to present testimony during the sentencing hearing which resulted in Simpson not receiving a three level reduction for acceptance of responsibility.

(2) The Government made a verbal promise that he would be sentenced to 135 months and his attorney told him his sentence would not exceed the lower end of the 135-168 month guideline range. Thus, he pled guilty with the understanding that he would be sentenced to 135 months. According to Simpson, the plea agreement made no mention that he would be penalized for conduct committed while he was on bond. Thus, he asserts he was induced to plead guilty.

(3) The Government violated the terms of the plea agreement by introducing evidence at sentencing that Simpson continued to distribute drugs.

E. **Recommendation**

Based upon a review of the petition and the record, the undersigned recommends that Simpson's §2255 motion be denied.

## II. ANALYSIS

A. **Claims of Breach of Plea Agreement/Involuntary Plea are Waived.**

The alleged breach of the plea agreement and the involuntariness of the plea were not raised on appeal. If the issue was not raised on direct appeal, the petitioner must show cause and prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998). Simpson did

not appeal his sentence, and he has not made the requisite showing of cause and prejudice or actual innocence. Thus, this claim is procedurally barred. Even if this claim were not procedurally barred, it is without merit.

There is absolutely nothing in the plea agreement which provides that he was guaranteed a three level reduction for acceptance of responsibility. Instead the Government only agreed to make a non-binding recommendation that he receive a reduction for acceptance of responsibility. However, Simpson continued committing criminal offenses. The fact the plea agreement was silent about Simpson being penalized at sentencing if he violated his bond does not constitute an inducement to plead guilty.

A guilty plea does not automatically entitle the defendant to a reduction for acceptance of responsibility. United States v. Harris, 882 F. 2d 902 (4th Cir. 1989). The reduction under U.S.S.G. §3E1.1 may be denied if the defendant continues engaging in criminal conduct. United States v. Kidd, 12 F. 3d 30 (4th Cir. 1993), cert. denied, 511 U.S. 1059 (1994).

Further, the fact that the Government presented information regarding Simpson's violation of his bond does not constitute a breach of the plea agreement. See United States v. Dover, 47 Fed.Appx. 214, 2002 WL 31109703 (4th Cir. 2002)("In light of Dover's continued criminal conduct after he entered into the plea agreement, it is evident that the government was not bound by the plea agreement to recommend a reduction for acceptance of responsibility because Dover's conduct did not demonstrate acceptance of responsibility.").

Thus, Simpson's arguments that he was induced to enter a plea and that the Government breached the plea agreement are frivolous.

**B. Ineffective Assistance of Counsel**.

With regard to claims of ineffective assistance of counsel, counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992). Further, habeas motions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). The motion must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F. 2d 1125 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F. 3d 255 (4th Cir. 1999). Allegations amounting to nothing more than conclusions provide no basis for an evidentiary hearing. Id.

At the sentencing hearing, the Government submitted the testimony of Casey Clegg and Charles Echols in support of its position that Simpson should not receive a reduction for acceptance of responsibility because he fronted drugs to Mr.Echols while he was on bond after he entered his

plea.

Simpson asserts his attorney was ineffective for failing to object to the testimony of Charles Echols because the plea agreement negated the need for additional evidence. However, the evidence was used to show that Simpson violated the terms of his pretrial release and thus, he was not eligible for a three level reduction for acceptance of responsibility. The Government was entitled to present such information and his attorney was not ineffective for failing to object to the evidence merely because Simpson has entered into a plea agreement and assumed he could continue his criminal ways. Consequently, the undersigned finds Simpson's claim of ineffective assistance of counsel is without merit.

### III. **MOTION TO AMEND**

On October 6, 2004, Simpson filed a motion to amend his §2255 motion to include a claim under Blakely v. Washington, ___ U.S.___ , 124 S.Ct. 2531 (2004) and in his motion, he stated why he believes he is entitled to relief under Blakely.

The undersigned recommends that Simpson's motion to amend be denied because Simpson's Blakely claim is not timely under 28 U.S.C. §2255(3).

28 U.S.C. §2255(3) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The undersigned finds that Blakely does not apply retroactively to cases on collateral review. In Blakely, the Supreme Court held that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to

6

the punishment, and the judge exceeds his proper authority." Blakely, ___ U.S. ____, 124 S.Ct. at 2537 (citations omitted).

Thereafter, the Supreme Court decided United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). In Booker, the Supreme Court held that Blakely applies to federal sentencing guidelines. Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

However, the United States Supreme Court addressed the question of retroactivity regarding cases on collateral review, such as a §2255 motion, in Teague v. Lane, 489 U.S. 288 (1989). In Teague, the Court held that, absent exceptional circumstances, the general rule is that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Id. at 310. A conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petitioner of certiorari had elapsed." Id. at 295.

In the instant case, at the time the Supreme Court issued the Booker decision, Simpson's conviction was final. Thus, the undersigned must determine whether Booker applies retroactively

7

to the petitioner's §2255 motion. The undersigned finds that a decision from the Western District of Virginia, Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004), is instructive on the retroactivity issue. In Lilly, the district court addressed the retroactivity of Blakely and found that even if the Supreme Court held that the federal guidelines violated the Sixth Amendment, such ruling would not apply retroactively to cases on collateral review. In reaching this determination, the Lilly court stated as follows:

> In any case in which a petitioner wishes to make a claim based on a case decided by the Supreme Court after her conviction became final, the petitioner must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. See Teague at 308, 109 S.Ct. 1060 (noting that "it has long been established that a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule").
> In order to show that a Supreme Court decision announced a new rule, the petitioner must show that "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." Id. at 301, 109 S.Ct. 1060. It seems clear from the reaction of the courts of appeals following Apprendi that it was not obvious that Apprendi required that sentencing enhancements, like those in the case at bar or in Blakely, must be found beyond a reasonable doubt by a jury. . . .It appears that this interpretation constitutes a new rule for purposes of determining retroactivity to cases on collateral review. Therefore, it becomes necessary to analyze this new rule under Teague.
> Once it has been determined that the Supreme Court announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, ___ U.S. ___,____, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, see id., or show that the new rule is a "watershed rule[ ] of criminal procedure." Id. at 2523 (internal quotation reference omitted).
> In Summerlin, the Court found that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case that extended Apprendi to aggravating factors in capital cases, was a new procedural rule and was not retroactive. ___ U.S. at ___ 124 S.Ct. at 2526-27. A similar analysis dictates that Blakely announced a new procedural rule and is similarly non-retroactive.
> In determining if a rule is substantive, a court must look for evidence that the rule "alters the range of conduct or the class of persons that the law punishes." Id. at 2523. The decision in Blakely did not change the type of conduct or the class of persons that the law punishes. Rather, the decision required either that a defendant admit or a jury find beyond a reasonable doubt all facts used to enhance

a sentence above the statutory maximum. The procedure relating to how those facts were determined, a preponderance-of-the-evidence standard by a judge or a beyond-a-reasonable-doubt standard by a jury, is what was at issue in Blakely. Therefore, Blakely announced a new procedural rule.

\* \* \*

In a very narrow core of cases, a procedural rule can be retroactive. This exception to the normal Teague rule is very rare, only occurring for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." ___ U.S. at ___, 124 S.Ct. at 2524 (internal quotation reference omitted). Under Teague, this exception applies only "to those new procedures without which the likelihood of an accurate *conviction* is seriously diminished." Teague, 489 U.S. at 313, 109 S.Ct. 1060 (emphasis added). . . .

In Summerlin, the Court determined that the watershed question in Ring was "whether judicial factfinding so *seriously* diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." ___ U.S. at ___, 124 S.Ct. at 2525 (internal quotation reference omitted). The Supreme Court answered this question in the negative in its analysis of Ring. Id. The main difference between Ring and Blakely in this regard is the fact that Ring only dealt with the factfinder, while Blakely deals with both the factfinder and the standard of proof. Therefore, I must also determine whether or not the standard of proof in Blakely implicates the accuracy of the conviction impermissibly and thus requires retroactive application of the new rule to cases on collateral review.

The Supreme Court's determination that Ring is not retroactive is particularly instructive in analyzing Blakely because both Ring and Blakely are extensions of Apprendi. In fact, Ring and Apprendi are so closely related that Justice O'Connor opined that the Court's holding in *S*ummerlin that Ring was not retroactive, applied even more strongly to Apprendi. See Blakely v. Washington, --- U.S. at ----, 124 S.Ct. at 2549 (O'Connor, J., dissenting). This would harmonize the Supreme Court with the courts of appeals, all of which have previously found that Apprendi did not apply retroactively to cases on collateral review. [footnote omitted].

\*\*\*

The Supreme Court has noted that the watershed exception is an extremely narrow one. The Court stated that because "such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." Graham v. Collins, 506 U.S. 461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (internal quotation reference omitted). In fact, the Supreme Court has not found a rule to be retroactive since the Court decided Teague in 1989. See United States v. Mandanici, 205 F.3d 519, 529 (2d Cir.2000) (citing eleven examples of new rules or proposed new rules in which the Supreme Court declined to find retroactivity). For these reasons, I find that Blakely is a new procedural rule that does not meet the requirement of being a watershed rule of criminal procedure.

9

This holding is in line with other federal district courts that have addressed this issue. Therefore, even assuming that Blakely invalidates sentences under the USSG, it will not apply retroactively to cases on collateral review.

Id. at 536-539). See also, See also, Varela v. United States, 400 F. 3d 864 (11th Cir. 2005)(relied on Schiro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519 (2004) to determine that Booker does not apply retroactively); In re Anderson, 396 F. 3d 1336 (11th Cir. 2005)(denied the petitioner's motion for leave to file a second or successive §2255 motion because the Supreme Court has not made Booker retroactive to cases on collateral review); United States v. Price, 2005 WL 535361 (10th Cir. 2005)(Booker is a new procedural rule which does not apply retroactively); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005)(Booker does not apply retroactively to initial §2255 motions as it is not a watershed rule of criminal procedure); Humphress v. United States, 2005 WL 433191 (6th Cir. 2005)(Booker is a new procedural rule which does not fall within the Teague exceptions to the nonretroactivity rule); Quiron v. United States, 2005 WL 83832 (D. Me January 14, 2005)(citing Lilly and finding Booker does not apply retroactively); Rucker v. United States, 2005 WL 331336 (D. Utah 2005); United States v. Johnson, 353 F. Supp. 2d 656 (E.D. Va. 2005)(the petitioner's §2255 motion may be dismissed as untimely because Booker does not apply retroactively to collateral review).

However, in United States v. Siegelbaum, 2005 WL 196526 (D. Or. 2005), Judge Panner of the United States District Court for the District of Oregon could not "exclude the possibility that the Court might apply Blakely/Booker retroactively in some situations." According to Judge Panner, Summerlin did not foreclose the retroactive application of Booker because Summerlin "addressed only the allocation of factfinding responsibility between the judge and jury. There is a second component to Blakely/Booker that Schiro did not address, namely, that facts used to

10

enhance a sentence, if not admitted, must be proved beyond a reasonable doubt rather than by a preponderance of the evidence." Judge Panner seems to opine that under Supreme Court precedent, In re Winship, 397 U.S. 358, 363 (1970), Ivan V. v. City of New York, 407 U.S. 203, 205 (1972), and Hankerson v. North Carolina, 432 U.S. 233 (1977), and the opinions of five of the Supreme Court justices, that the reasonable doubt standard applies to sentence enhancements, and thus, the application of the reasonable doubt standard would require retroactive relief. However, Judge Panner did not decide the retroactivity issue.

Despite Judge Panner's thoughts on retroactivity, the undersigned finds that based on Summerlin, Lilly, and McReynolds, Booker and Blakely, as an extension of the reasoning in Apprendi, should also be barred from retroactive application on collateral review in a §2255 motion.

Additionally, the Supreme Court has held in a case involving a successive petition, for purposes of 28 U.S.C. § 2244(b)(2)(A), that only the Supreme Court could declare that a new rule of constitutional law is retroactively applicable to collateral review. See Tyler v. Cain, 533 U.S. 656 (2001). The Fourth Circuit has not limited Tyler to 2244(b)(2)(A) issues and has extended its reasoning to initial §2255 motions, as well. See San-Miguel v. Dove, 291 F.3d 257, 260 (4th Cir. 2002); See also Beamon v. United States, 189 F.Supp.2d 350 (E.D.Va.2002)(applying Tyler to discussion of whether Apprendi applies retroactively to initial §2255 motion). Accordingly, based on the reasoning in Tyler, Dove, and Beamon, the undersigned recommends that Booker and Blakely be disallowed from retroactive application on collateral review.

## IV. **RECOMMENDATION**

It is recommended that Simpson's motion to amend be DENIED and that his §2255 motion be DENIED and DISMISSED WITH PREJUDICE because his claims are without merit.

The petitioner may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to the *pro se* petitioner.

Dated: May 4, 2005

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**